ALICE AUCHTER AND JACOB W. AUCHTER, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. ELLIOTT BUS CORPORATION, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided April 9, 1938.

Before Justices CASE and DONGES.

For the plaintiffs-respondents, *Charles Hershenstein* and *Albert J. Hordes.*

For the defendant-appellant, *Alan Kraut.*

PER CURIAM.

The appeal brings up for review judgments rendered in the Second District Court of Jersey City in favor of the plaintiff Alice Auchter in the sum of $250 and of the plaintiff Jacob W. Auchter, husband of the female plaintiff, in the sum of $55.

Five points are presented by appellant. The first is that the court erred in refusing to strike out the question "On the morning of December 19th did you call for your wife?" The objection to the question was that it was leading. We consider that the court was within its discretion in overruling the objection.

The second point is that the court erred in refusing to grant a nonsuit. The action was for personal injuries received

by Mrs. Auchter while a passenger on the defendant's bus and as a result of negligent operation of the bus by the driver. The evidence permitted a finding that defendant's driver undertook to pass a vehicle at a time when there was not opportunity for safe passing and that the driver, thereby thrust into a danger that might well have been anticipated and avoided, threw on the brakes so violently and turned the bus so suddenly that passengers were thrown from their seats and, with specific application to the grounds for this action, that a man, who was on the opposite side of the bus, was thrown across the aisle and against the plaintiff to her injury. There was evidence from which negligence could be found. The nonsuit was properly denied.

The third point is that a portion of the testimony of one Mary E. Quill was improperly struck. Both Mrs. Quill and Mrs. Auchter were employes of the telephone company. Mrs. Quill undertook to testify as to certain absences of the plaintiff from her work and the reasons therefor. She was allowed to testify from cards which were in her handwriting and which she said constituted a record which she kept daily from statements made to her personally by the several employes affected thereby. On further examination it was developed that, while the cards were in the witness' handwriting, some of them were copied by the witness from other records not made by her, and thereupon such of the testimony as depended upon that source was stricken. Independently of the records the witness was not in position to testify. Her testimony as to such matters was, as the trial court ruled, hearsay. The company records are not before us, and therefore we are not called upon to rule as to their admissibility. So far as we know, and as we assume, the records themselves are not in evidence and therefore form no foundation to support the oral testimony.

It is next said that the court erred in denying the motion of defendant's counsel for a direction of verdict. What we have already said with respect to the motion for nonsuit is applicable here. Appellant makes much of the fact that in the state of demand and by the testimony of the plaintiffs

themselves the date of the accident was given as December 19th, 1935, whereas the court, by a weighing and comparison of the entire testimony in the cause, decided that the date of the accident was December 18th, 1935. We think that the testimony gave substantial support for that factual finding. *Rygiel* v. *Kanengieser,* 114 *N. J. L.* 311. The variance in date as between pleadings and proofs or between pleadings and some of the proofs on the one side and the remainder of the proofs on the other was not fatal.

Appellant's final point is that the court erred in entering judgments in favor of the plaintiffs and against the defendant-appellant, and the ground urged is that such findings were not supported by the evidence. It follows from what we have already said that this point is not well made.

The judgment below will be affirmed, with costs.